UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:20-CV-00175-TBR

**BOBBY BONNER**                                                                                    **PLAINTIFF**

**v.**

**EQUIFAX INFORMATION SERVICES, LLC,** *et al.*                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Tidewater Finance Company's (Tidewater) Motion to Dismiss, or alternatively, Motion for a More Definite Statement. [DN 14]. Plaintiff responded. [DN 20]. Defendant replied. [DN 22]. This matter is ripe for adjudication. For reasons stated below, Defendant's Motion to Dismiss, or alternatively, Motion for a More Definite Statement is DENIED.

Additionally, Defendant Experian Information Solutions, Inc.'s (Experian) Motion for Judgment on the Pleadings, [DN 25], is DENIED as moot due to the stipulated dismissal of all claims against Experian. [DN 27].

**I.     Background**

On October 29, 2020, Plaintiff Bobby Bonner filed a complaint with this Court under the federal Fair Credit Reporting Act, 15 U.S.C § 1681. [DN 1]. The Complaint consists of ten counts against the five named defendants, including two counts against Tidewater. *Id.* Defendants, TransUnion, LLC and Experian Information Solutions, Inc., filed Answers to the Complaint. [DN 13; DN 15]. Defendant Tidewater asks the Court, pursuant to Federal Rules of Civil Procedure (FRCP) 8(a)(2) and 8(d)(1), to dismiss the Complaint, or alternatively, for a more definite

1

statement, arguing that Bonner's complaint is a "shotgun pleading," because "each claim for relief contains all previously stated facts against the five defendants and all prior claims for relief" making it "impossible to decipher which allegations of fact are intended to support which Cause of Action." [DN 14-1 at 3–4].

## II.  Legal Standard

### A. Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the

plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 Fed.Appx. 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

When addressing issues associated with an alleged shotgun pleading, however, "dismissal of the entire . . . [c]omplaint is not the appropriate remedy." *Banks v. Bosch Rexroth Corp.*, No. CIV.A. 5:12-345-DCR, 2014 WL 868118, at *7 (E.D. Ky. Mar. 5, 2014). "[A] more definite statement has been found to be appropriate relief." *Id.* (citing *Fadel v. Nationwide Mut. Fire Ins. Co.*, No. 3:12–CV–00337–H, 2012 WL 5878728, at *8 (W.D.Ky. Nov.21, 2012)).

### B. Motion for a More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[A] motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail.... [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Fed. Ins. Co. v. Webne*, 513 F.Supp.2d 921, 924 (N.D.Ohio 2007) (citations and internal quotation marks omitted). "Federal courts generally disfavor motions for more definite statements[, and i]n view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions." *Id.*

### III. Discussion

Tidewater claims that Bonner's Complaint is what some courts call a "shotgun pleading." A "shotgun pleading" is a pleading that "fails to provide notice regarding which specific defendant is liable for which count" and is essentially "throwing everything against the wall and hoping something sticks." *Banks*, No. CIV.A. 5:12-345-DCR, 2014 WL 868118, at *9 (citing *Krusinski*

3

*v. U.S. Dep't of Agric.*, 4 F.3d 994 (6th Cir. 1993) in footnote 2). This kind of pleading violates FRCP 10(b) by failing to separate each claim for relief into separate counts. *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392–93 (6th Cir. 2020) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 n.13 (11th Cir. 2015); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013))

Tidewater's argument focuses primarily on the fact that the Complaint repeatedly states: "Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state (sic) herein with the same force and effect as if the same were set forth at length herein." [DN 14-1 at 2; *see also* DN 1]. This exact phrasing is used at the beginning of each of the ten causes of action, which Tidewater argues creates ambiguity as to which cause of action and previously stated facts apply to each separate Defendant. [DN 14-1]. Tidewater contends that "[t]he repeated allegations of fact and inextricably interwoven and realleged statutory violations that the Second through Ninth Causes of Action each reincorporate renders it impossible to decipher which allegations of fact are intended to support which Cause of Action." *Id.* at 3. This in turn, Tidewater argues, results in a complaint that is neither a "short and plain statement of the claim" under FRCP 8(a)(2), nor is it a "simple, concise and direct" allegation under FRCP 8(d)(1). *Id.* Defendant concludes by stating that in regard to the Complaint, "[n]o party defendant in this action can tell which facts or which of the ten causes of action lie against it because they are all intertwined and rolled into one." *Id.* at 4.

In support of this argument, Tidewater cites both *Banks* and *Lee*. In *Banks*, the plaintiff filed a complaint against all the named defendants for a variety claims, including a negligence allegation that essentially asserted "that the Individual Defendants [were] liable for negligently hiring, training, supervision, and retaining *themselves*." No. CIV.A. 5:12-345-DCR, 2014 WL

4

868118, at *5 (emphasis added). That language led to clear confusion which required a more definite statement. In *Lee*, the complaint combined seven actions into a single sentence: "Ms. Lee is also suing . . . under the state-law torts of conversion, trespass to chattels, trover, replevin, detinue, unjust enrichment, restitution, and any other state-law cause of action that offers relief." 951 F.3d at 392. These cases are distinguishable from the present dispute because their clear ambiguity and failure to align the defendants with specific claims left the defendants without the ability to adequately respond. Conversely, Bonner's Complaint not only clearly indicates which cause of action belongs to which party by providing bolded titles containing the type of claim and defendant name under each action, it also organizes the factual allegations making it clear which facts align with which defendant.

As Tidewater noted, this Court has previously ruled in favor of a motion for a more definite statement when the complaint was "so vague and ambiguous that the party [could not] reasonably prepare a response," but that is not the case presently. [DN 14-1 at 4 (citing *Fadel*, 2012 WL 5878728)]. The fact alone that two of the other defendants in this case have already filed Answers to the Complaint counters Tidewaters contention. [DN 13; DN 15].

The Court understands that the misnumbering of paragraphs and the repeated reincorporation of prior claims may make the Complaint less than an ideal read, but it does not prevent a fairly clear understanding as to the applicable claims against each defendant. In a similar case determined by another Sixth Circuit court, the court held that even though the "Complaint contains several counts and each one incorporates all of the preceding paragraphs rather than just the factual allegations of the Complaint" it was not a shotgun pleading because there were "specific allegations supporting each claim and the party responsible for the actions asserted [were] restated in those specific claims." *In re Tomlin*, No. 15-20852, 2016 WL 1317412 at *7 (Bankr. E.D. Ky.

Mar. 31, 2016). Shotgun pleadings are disfavored because they fail to provide defendants with adequate notice; the Complaint in the present case does not fail to do so, therefore, the Court cannot conclude that it is a "shotgun pleading." Though due to the use of repeated boilerplate language, Plaintiff's complaint is not the most clearly drafted, it is not so ambiguous as to prevent the filing of an answer. *In re Tomlin*, No. 15-20852, 2016 WL 1317412 at *7 ("While not the easiest Complaint to follow, it is not 'virtually impossible' to determine Tomlin's claims and the Defendants involved."). The Court was able to read the complaint and determine which causes of action and which facts belong with each defendant.

### IV.   Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss, or alternatively, Motion for More Definite Statement [DN 14] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings [DN 25] is **DENIED as moot**.

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

September 23, 2021

cc: counsel